UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIK S. BOWKER, | CASE NO. 1:05 CV 2840 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| DEAN R. HASSMAN, et al. | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendants. | |

This action was removed from the Medina County Ohio Court of Common Pleas on December 8, 2005. The plaintiff <u>pro se</u> Erik S. Bowker filed this action against Federal Bureau of Investigation ("FBI") Agent Dean Hassman and the United States of America. In the complaint, plaintiff alleges that subsequent to his arrest, federal agents searched his home, his vehicle and a storage locker without a warrant and seized unspecified items. He seeks judgment against the defendants in the amount of $1,000,000.00.

## *Background*

Mr. Bowker was arrested by federal agents at a storage facility in Youngstown, Ohio on August 29, 2001. He claims he was searched incident to this arrest and several personal property items were taken by the authorities. His vehicle was also searched and unidentified items found

therein were confiscated. He contends that the officers did not have a warrant authorizing the search of his vehicle. His home, a storage area, and "storage truck-trailer and other facilities, areas and vehicles" were searched as part of the investigation. (Compl. at 2.) Mr. Bowker claims the searches were conducted without proper warrants and unspecified personal property was "seized or stolen." (Compl. at 2.) He seeks an award of $ 1,000,000.00 for deprivations of "the rights and immunities afforded to him by the Ohio Constitution." (Compl. at 4.) Mr. Bowker was convicted of interstate stalking in violation of 18 U.S.C. §2261A(1), cyberstalking in violation of 18 U.S.C. § 2261A(2), theft of mail in violation of 18 U.S.C. § 1708, and telephone harassment in violation of 47 U.S.C. § 223(a)(1)(C). See United States v. Bowker, 372 F.3d 365, 371 (6th Cir. 2004). He is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania.

## *Analysis*

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

This complaint is a duplicate of the complaint Mr. Bowker filed in the Geauga County Court of Common Pleas, which was removed to this court on October 21, 2005. That case, No. 1:05 CV 2487,was assigned to the undersigned District Judge. It was dismissed on its merits on December 14, 2005.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes

a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Bowker is therefore precluded from litigating this matter for a third time.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED
DEC 20 2005
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.